UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUG STANBROUGH and<br>PATRICIA STANBROUGH,<br><br>    Plaintiffs,<br><br>v.<br><br>VICTOR H. VALLE and<br>DANAE W. VALLE,<br><br>    Defendants. | Case No. 1:12-mc-07260-BLW<br><br>Adv. No. 11-06051-TLM<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before it Doug and Patricia Stanbrough's motion to withdraw the reference to the bankruptcy court (Dkt. 1). For the reasons set forth below, the Court will deny the motion.

### BACKGROUND

In February 2009, Doug and Patricia Stanbrough sued their former friends and business associates, Victor and Danae Valle, in state court. The Stanbroughs alleged that

MEMORANDUM DECISION AND ORDER - 1

the Valles fraudulently induced them to invest $200,000 into a home-based hair salon. They asserted fraud and RICO violations, among other claims.

Roughly two and one-half years later, the Valles filed a chapter 7 bankruptcy petition. *See Aug. 17, 2011 Petition*, Case No. 11-0253 (Bankr. D. Idaho). On October 4, 2011, the Stanbroughs filed an adversary proceeding, alleging that the damages arising from their investment in the hair salon should be nondischargeable in bankruptcy. *See Oct. 4, 2011 Adversary Compl.,* Dkt. 21 (bankruptcy docket). The Stanbroughs requested a jury trial on their RICO claims.

Almost simultaneous with their filing of the adversary proceeding, the Stanbroughs filed a proof of claim for the adversary proceeding. A couple months later, however, the Stanbroughs moved to withdraw the proof of claim after learning that it imperiled their right to a jury trial. *Notice of Withdrawal of Proof of Claim*, Dkt. 31 (bankruptcy docket). They did not move to withdraw the reference of their claims to the bankruptcy court.

On February 26, 2012, the bankruptcy court entered an order striking the jury trial demand. It reasoned that it was authorized to enter a judgment on the Stanbroughs' claims as a prerequisite to deciding whether those claims were nondischargeable in bankruptcy. *See Feb. 26 Order.* The Stanbroughs responded – nearly six months after filing their adversary complaint and three years after filing their complaint in state court – by moving to withdraw the reference of their claims from the bankruptcy court. *See Mar. 26, 2012 Motion to Withdraw Reference*, Dkt. 1.

MEMORANDUM DECISION AND ORDER - 2

## ANALYSIS

Although district courts have original jurisdiction over cases arising under the Bankruptcy Code, 28 U.S.C. § 1334(b), they may refer these cases to the bankruptcy judges for the district pursuant to 28 U.S.C. § 157(a). District courts also have the authority to withdraw the reference to bankruptcy court. 28 U.S.C. § 157(d). Withdrawal may be mandatory if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce," or permissive upon "timely motion of any party, for cause shown." *Id.*

Section 157(d) allows for withdrawal only "on timely motion of a party."  "A motion to withdraw is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding." *Security Farms v. International Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 (9th Cir. 1997) (internal quotation marks omitted).  A party must therefore move for withdrawal "at the first reasonable opportunity" it has, "as evaluated within the specific factual context [of the case]." *Stratton v. Vita Bella Grp. Homes, Inc.,* No. F07-0584, 2007 WL 1531860, at *2 (E.D.Cal. May 25, 2007) (citing *In re Chateaugay Corp.,* 104 B.R. 622, 624 (S.D.N.Y.1989)). Courts have found a motion to withdraw the reference untimely when a "significant amount of time has passed since the moving party had notice of the grounds for withdrawing the reference or where the withdrawal would have an adverse effect on judicial economy." *Hupp v. Educ. Credit Mgt. Corp.,* No. 07CV1232, 2007 WL 2703151, at *3 (S.D.Cal. Sept. 13, 2007) (citation omitted).

MEMORANDUM DECISION AND ORDER - 3

In this case, the Stanbroughs filed their adversary complaint in October 2011, asserting both racketeering and fraud claims – claims they had previously asserted in state court over two years earlier. But the Stanbroughs did not seek to withdraw the reference to the bankruptcy court when they filed their adversary proceeding. Instead, they filed a proof of claim. Then, months later, they moved to withdraw their proof of claim when they realized it could imperil their right to a jury trial. Yet, the Stanbroughs again failed to move to withdraw the reference to the bankruptcy court when they moved to withdraw their proof of claim. Only after the bankruptcy court struck their jury demand – nearly six months after filing their adversary complaint and three years after filing their state court complaint – did the Stanbroughs move to withdraw the reference.

This six-month delay from the filing of the adversary complaint renders the Stanbroughs' motion untimely. *See, e.g., In re Mahlmann,* 149 B.R. 866, 869 (N.D.Ill.1993). In *Mahlman*, the court found the plaintiffs' motion to withdraw reference untimely when the plaintiffs filed their motion less than a month after filing their nondischargeability complaint and five months after the debtor filed bankruptcy. 149 B.R. at 870. In another case, the court held that a defendant's motion to withdraw reference was untimely because the defendant failed to file it contemporaneously with his answer and counterclaim, which asserted RICO and federal securities violations. *In re Securities Group 1980,* 89 B.R. 192 (M.D.Fla.1988).

Likewise, in this case, the Stanbroughs were on notice of their federal and state claims against the Valles at least as early as the filing of their state court complaint. And when they filed their dischargeability complaint in bankruptcy court, they could have

MEMORANDUM DECISION AND ORDER - 4

filed their motion to withdraw reference. Yet, they failed to file their motion to withdraw until six months later.  The Court can find nothing in the record to justify this delay. "When the complaint contains the allegations of 'other law' which are the grounds for the motion to withdraw reference, making existence of the issue clear, the filing of the complaint is the point from which timeliness of the motion should be assessed." *Laine v. Gross*, 128 B.R. 588, 589 (D.Me. 1991).

In light of all the circumstances, this Court finds the Stanbroughs' motion for withdrawal of the reference was not timely.  The Court therefore need not determine whether the requested withdrawal of reference would qualify under the permissive or mandatory provisions of 28 U.S.C. § 157(d) if it had been timely filed.

## ORDER

IT IS HEREBY ORDERED that Doug and Patricia Stanbrough's motion to withdraw the reference to the bankruptcy court (Dkt. 1) is DENIED.  The case shall remain in the bankruptcy court.

DATED: July 13, 2012

B. Lynn Winmill
Chief Judge
United States District Court